UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER R. ELIA,<br><br>Plaintiff,<br><br>v.<br><br>JEREMY MARTIN, et al.,<br><br>Defendants. | No. 2:22-cv-0702-EFB P<br><br><br><br>ORDER |

Plaintiff, a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983, seeks leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

<u>Application to Proceed In Forma Pauperis</u>

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

<u>Screening Standards</u>

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which

relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

<u>Screening Order</u>

Plaintiff's complaint (ECF No. 1) alleges three claims for relief.

In claim one, plaintiff alleges that for at least nine months at the Amador County Jail, defendants Martin and Stone denied him and all other inmates any outdoor time because the yard was occupied by a medical quarantine tent set up in response to the Covid-19 pandemic. Allegedly, the lack of fresh air and sunlight caused plaintiff a vitamin D deficiency, as well as

mental and emotional distress. Plaintiff does not allege whose decision it was to set up a medical quarantine tent in the yard without making any alternative arrangements for inmates to have outdoor time. Because depriving inmates of exercise may violate their constitutional rights under certain circumstances, plaintiff will be given leave to amend this claim and specify who was responsible for the alleged deprivation. The court notes, however, that prison officials may restrict outdoor exercise based on weather, unusual circumstances, or disciplinary needs. *See Spain v. Procunier*, 600 F.2d 189, 199-200 (9th Cir. 1979).

In claim two, plaintiff alleges that he fractured his hand on August 3, 2021. On August 5, 2021, plaintiff was seen by defendant medical officials Koulakov, RN and Son, MD. On August 8, 2021, Dr. Son ordered an x-ray. The x-ray was done on August 11, 2021. On August 25, 2021, plaintiff was taken to Sutter Amador Hospital, where the specialist informed plaintiff that it was too late to cast the broken bone because it had nearly healed in the time that had passed since the injury. The specialist gave plaintiff a splint to immobilize his hand. On August 30, 2021, defendants Koulakov and Son allegedly confiscated the splint on the grounds that it could be used as a weapon and therefore jeopardized the safety and security of the institution. As a result of their conduct, plaintiff claims his hand did not properly heal and is painful and deformed with reduced function.

These allegations are not enough to survive screening. While defendants, on these alleged facts, may have been negligent in failing to immediately immobilize plaintiff's hand, the allegations do not show that either defendant acted with the deliberate indifference necessary to establish a constitutional violation. Deliberate indifference requires a showing that the defendant, acting with a state of mind more blameworthy than negligence, denied, delayed, or interfered with the treatment of plaintiff's serious medical needs. *Farmer v. Brennan*, 511 U.S. 825, 835 (1994); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). The indifference to medical needs must be substantial; mere malpractice, or even gross negligence, does not constitute cruel and unusual punishment. *Estelle*, 429 U.S. at 106.

In claim three, plaintiff alleges that on September 19, 2021 and September 21, 2021, defendant Koulakov refused to order Covid-19 tests to inmates in cell block D who reported flu-

like symptoms and requested to be tested. On September 23, 2021, however, an inmate in cell block D was tested, and the result was positive. Cell block D was then placed on quarantine and all inmates were tested for Covid-19. On September 24, 2021, plaintiff was informed that an additional three people had tested positive. Instead of isolating the infected inmates in the medical quarantine tent, defendants Martin and Stone had them return to cell block D where common areas, such as showers, were shared by both infected and uninfected inmates. At the time, cell block D was overflowing, as all twelve of the two person cells were full and an additional seven inmates were being housed in the dayroom. Plaintiff tested positive on September 27, 2021. Plaintiff is experiencing long-term effects of Covid such as shortness of breath, chronic fatigue, depression and anxiety. Liberally construed, the "Claim III" allegations of deliberate indifference to safety are sufficient to survive screening.

Plaintiff also appears to assert claims against defendants LaBarberra, Stewart, and the Amador County Jail based on alleged inadequacies of the administrative grievance system. Such claims cannot proceed because there are no constitutional requirements regarding how a grievance system is operated. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (holding that prisoner's claimed loss of a liberty interest in the processing of his appeals does not violate due process because prisoners lack a separate constitutional entitlement to a specific prison grievance system). Thus, plaintiff may not impose liability on a defendant simply because he played a role in processing plaintiff's appeals or because the appeals process was otherwise rendered unfair. *See Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (an administrative "grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates. Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment." (internal quotations omitted)).

Plaintiff may either proceed with "Claim III" in the complaint on claims of deliberate indifference to his safety against defendants Koulakov, Martin and Stone only or he may amend his complaint to attempt to assert additional claims against the other named defendants. He may not, however, change the nature of this suit by alleging new, unrelated claims. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Moreover, plaintiff is not obligated to amend his complaint.

Leave to Amend

Plaintiff may file an amended complaint to attempt to cure the deficiencies noted above. Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). Plaintiff is not obligated to file an amended complaint.

Plaintiff may not change the nature of this suit by alleging new, unrelated claims in the amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

The court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in this action being dismissed. *See* Local Rule 110.

Conclusion

Accordingly, it is ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is GRANTED.
2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the California Department of Corrections and Rehabilitation filed concurrently herewith.
3. Plaintiff's complaint alleges, for screening purposes, potentially cognizable deliberate indifference to safety claims against defendants Koulakov, Martin and Stone.

5

4. All other claims (including those against defendant Stewart, La Barberra, Son, Amador County Sheriff's Office, and County of Amador) are dismissed with leave to amend within 30 days of service of this order. Plaintiff is not obligated to amend his complaint.

5. Within thirty days plaintiff shall return the notice below advising the court whether he elects to proceed with the cognizable claims or file an amended complaint. If the former option is selected and returned, the court will enter an order directing service at that time.

6. Failure to comply with any part of this this order may result in dismissal of this action.

Dated: June 21, 2022.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHRISTOPHER R. ELIA,

    Plaintiff,

  v.

JEREMY MARTIN, et al.,

    Defendants.

No. 2:22-cv-0702-EFB P

NOTICE

In accordance with the court's Screening Order, plaintiff hereby elects to:

(1) _____   proceed only with the "Claim III" allegations of deliberate indifference to safety against defendants Koulakov, Martin and Stone;

OR

(2) _____   delay serving any defendant and file an amended complaint.

_____

                      Plaintiff

Dated: